UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

LAFVORNE BARNETT,

       Plaintiff,

      v.                                        24-CV-267 (JLS)

STATE OF NEW YORK;
JOHN DOW, *CO, Attica Correctional
Facility*; JULIE WOLCOTT,
*Superintendent*; JANE DOW, *CO,
Deputy Staff, Attica Correctional
Facility*; JOHN DOE COs, *Captains,
Lt.s, Sgts, Attica Correctional Facility*,

       Defendants.

_____

## DECISION AND ORDER

*Pro se* plaintiff Lafvorne Barnett, who is incarcerated at the Auburn

Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983.  Dkt. 1.

Barnett moved for leave to proceed *in forma pauperis* ("IFP") and included the

required certification of his inmate trust fund account and signed authorization.

Dkt. 2.  Because Barnett meets the requirements of 28 U.S.C. § 1915(a) and filed

the required documents, he is granted permission to proceed IFP.  The Court,

therefore, screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(a).

For the below reasons, Barnett's excessive force claim will proceed to service after the Defendants involved in the uses of force have been identified.[1] His cruel and unusual punishment claim alleging he was denied meals is dismissed, with leave to amend, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim. His claim against Superintendent Julie Wolcott is dismissed, with leave to amend, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to establish her personal involvement in any constitutional violation. His official capacity claims seeking monetary relief are dismissed, without leave to amend; he may amend his complaint, however, to request prospective injunctive relief. His claims against New York State are dismissed, without leave to amend. Any amended complaint is due by **August 3, 2026**.

## DISCUSSION

### I.   Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon

---

[1] This conclusion relates to the Court's screening of Barnett's complaint only. The Court expresses no opinion about whether his allegations would be sufficient to survive a motion to dismiss or a motion for summary judgment.

2

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation modified). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend").

When evaluating a complaint, a court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). A court must "construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but even *pro se* pleadings must meet

3

the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

## II.    Barnett's Allegations[2]

On September 1, 2023, correction officers, sergeants, lieutenants, and an extraction team dragged Barnett into his cell by his cuffs and assaulted him. Dkt. 1, at 4. Barnett was also strip searched and "rolled around" on the ground while a sergeant took photos. *Id.* at 5. Barnett suffered injuries to his right leg, both hands and wrists, his rib cage, and his face, including "cuts to [his] face from hard punches." *Id.* Wolcott knew that her officers, including the use of force team, did not have proper mental health training in "ICP" and that the officers "d[id] not follow mental he[a]lth legal law when it came to dealing with a 1CS-V or a [patient] with a s.m.i. on his [record]." *Id.* at 4. Additionally, when Barnett was in "R-R-U North 2 cell, he "was not fed in sometimes." *Id.* at 5.

Barnett asserts violations of the Fourth, Fourteenth, and Eighth Amendments. *Id.* at 3, 11. Mindful of its obligation to construe his allegations to raise the strongest claims they suggest, *see McEachin*, 357 F.3d at 200, the Court interprets his complaint as asserting excessive force and cruel and unusual punishment claims under the Eighth Amendment.

---

[2] The Court accepts Barnett's allegations as true for purposes of screening his complaint. Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

4

## III.    Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Section 1983 "creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

### A.    Defendants, Claims, and Conclusory Allegations

The caption of Barnett's complaint lists the State of New York, et al., as "Defendants." Dkt. 1, at 1. In the section of the form complaint for listing Defendants' names, positions, places of employment, and the address where each Defendant may be served, Barnett lists: John Dow, Sgt.; John Dow, CO's; Jane Dow, CO, Supt. J. Wolcott, Deputy Staff; John Dow, COs, Captains, Lieutenants, Sergeants. *Id.* at 2–3. He sues each of these defendants in their individual and official capacities. *Id.*

5

The body of Barnett's complaint makes clear that he intends to sue the individual or individuals who dragged him into his cell by his cuffs and assaulted him, as well as and those who stripped searched him and rolled him around on the ground. It is less clear whether he intended to sue an individual or individuals who denied him meals. Nor is it clear whether he intended to sue Wolcott or someone on her staff.

The Court examines the allegations and claims against Defendants as best as can be discerned from the Court's reading of the complaint. If Barnett files an amended complaint, each claim must include non-conclusory factual allegations showing how each individual Defendant, by his or her own actions, personally violated his federally protected rights.

If Barnett does not know the name of a Defendant, he may identify that Defendant using John or Jane Doe. In that case, he should provide as much information as possible to assist in identifying the Defendant. Barnett must list each Defendant in the caption of his amended complaint; he also must list all Defendants in the section of the form complaint for listing Defendants' names, positions, places of employment, and the address where each Defendant may be served; and in the body of his complaint, he must make non-conclusory factual allegations against each Defendant. Specifically, Barnett must allege *who* violated his federally or constitutionally protected rights; *how* that person violated those rights; *when* and *where* such violations occurred; *why* Barnett is entitled to relief;

6

and *what type* of relief he seeks (*e.g.*, money damages, injunctive relief, or declaratory relief).

### B.    The State of New York

As a "general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation modified).  This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief, *see Green v. Mansour*, 474 U.S. 64, 72–74 (1985), and "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state," *Gollomp*, 568 F.3d at 366 (citation modified).  Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The State of New York, therefore, is dismissed from this lawsuit based on Eleventh Amendment immunity.  Because repleading will not cure the deficiency, this dismissal is without leave to amend.

## C.    Wolcott

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions . . . violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

It is not clear whether Barnett intends to sue Wolcott or someone on her staff. He alleges that Wolcott knew that her officers—including the use-of-force team—did not have proper mental health training, and that the officers did not follow mental health law in their dealings with him. Dkt. 1, at 4. These allegations do not address how Wolcott was involved in the allegedly unconstitutional force used against Barnett or how she was directly involved in any other constitutional violation. Barnett may file an amended complaint that clarifies how Wolcott personally violated his federally protected rights.

8

### D.    Eighth Amendment: Excessive Force

The "core judicial inquiry [for determining whether prison officials have violated the Eighth Amendment by using excessive physical force] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).  To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).  The objective component considers the "seriousness of the injury." *Id.*  The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

At the screening stage, the Court finds that the excessive force claim is sufficiently pleaded to proceed to service upon the Doe Defendants—who, on September 1, 2023, allegedly dragged Barnett into his cell by his cuffs and assaulted him—as well as the Doe Defendants, who allegedly cut off Barnett's clothes and rolled him around on the ground.

### E.    Eighth Amendment: Cruel and Unusual Punishment

The complaint states, in a conclusory fashion, that Barnett "was not fed in sometimes" in the "R-R-U North 2 cell." Dkt. 1, at 5.  The Eighth Amendment protects prison inmates against cruel and unusual punishment, *see* U.S. Const. amend. VIII, and "under certain circumstances[,] a substantial deprivation of food

9

may well be recognized as being of constitutional dimension," *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). A deprivation of food may plausibly allege an Eighth Amendment claim if it "presents an immediate danger to the inmate's health or well-being." *Chapdelaine. v. Keller*, No. 95–CV–1126 RSP/GLS, 1998 WL 357350, at *12 (N.D.N.Y. Apr. 16, 1998).

Barnett's conclusory allegations are insufficient to establish a constitutional violation at this initial stage of litigation. He may clarify his allegations, if possible, in an amended complaint. Any amended complaint must allege how any denial of food affected Barnett's health or well-being. *See, e.g., Barclay v. New York*, 477 F. Supp. 2d 546, 554 (N.D.N.Y. 2007) (limited denial of food does not constitute an Eighth Amendment violation where there is no evidence of any ill effect on inmate's health); *Gill v. Hoadley,* 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (no Eighth Amendment violation from alleged denial of one meal). As well, any amended complaint must identify the individual or individuals who denied Barnett meals.

### F.      Official Capacity

Because Barnett sues Defendants in both their individual and official capacities, *see* Dkt. 1, at 2, the Court considers the effect of the Eleventh Amendment on his claims.

Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 4 73 U.S. 159, 167 n.14 (1985) (citation modified). Because "a judgment against a public servant in his official capacity

imposes liability on the entity that he represents[,]" *Graham*, 473 U.S. at 169 (citation modified), this "rule of immunity extends to cases where the action is in essence one for the recovery of money from the state, even when individual [state] officials are the nominal defendants," *Williams v. Marinelli*, 987 F.3d 188, 197 (2d Cir. 2021) (citation modified).

A limited exception to the Eleventh Amendment's grant of sovereign immunity exists when a plaintiff seeks injunctive relief against a state official for an ongoing violation of federal law or the Constitution. *See Graham*, 473 U.S. at 167 n.14 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Such a suit "is not 'one against the State' and, therefore, is not barred by the Eleventh Amendment." *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex parte Young*, 209 U.S. at 154)).

Under the *Young* exception, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff "(1) alleges an ongoing violation of federal law and (2) seeks relief properly characterized as prospective." *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022) (citation modified).

Here, Barnett seeks monetary damages only. Dkt. 1, at 5. Because the Eleventh Amendment bars any claims for damages against Defendants in their official capacities, and repleading cannot cure this deficiency, the dismissal is without leave to amend. But Barnett may file an amended complaint, in which he has the opportunity to restate his request for relief, if appropriate. If he does so, the

11

Court will determine the effect of the Eleventh Amendment on any claims for injunctive relief.

## IV.    <u>Leave to Amend</u>

The Court grants Barnett leave to amend, as directed above.  If he does not submit an amended complaint by **August 3, 2026**, his excessive force claim will proceed to service; all other claims will be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Any amended complaint will completely replace the prior complaint in the action.  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Any amended complaint, therefore, must include all of Barnett's claims, so it may stand alone as the sole complaint that Defendants must answer.

## V.    *<u>Valentin</u>* <u>Order</u>

The complaint asserts an excessive force claim against John and Jane Doe Defendants.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Attorney General's Office ascertain the full names and last known service addresses of the individuals involved in the use of force incident, including the removal of Barnett's clothes, on September 1, 2023, at Attica.  The Attorney General's Office need not undertake to defend or indemnify these individuals at this time.  Rather, this order provides a means by which Barnett may name and properly serve those unidentified Defendants, as instructed by the Second Circuit in *Valentin*.

The Attorney General's Office shall produce the information specified above regarding the identities of the Doe Defendants by **August 3, 2026**, by forwarding it to the Court's *Pro Se* Unit, United States District Court, 2 Niagara Square, Buffalo, New York 14202.  Once the Court receives this information, the Clerk of the Court shall update the docket, Barnett's operative complaint shall be deemed amended to reflect the full names of the Defendants, summonses shall issue, and the Court directs service on Defendants.[3]

## CONCLUSION

For the reasons above, Barnett's excessive force claim will proceed to service after the Doe Defendants are identified.  His claims against New York State are dismissed without prejudice and without leave to amend.  His official capacity claims seeking monetary relief are dismissed without leave to amend, but he may amend his complaint to request prospective injunctive relief.  His remaining claims will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, unless he files an amended complaint by **August 3, 2026**.

IT HEREBY IS ORDERED that Barnett's IFP motion (Dkt. 2) is granted; and it is further

---

[3] If Barnett files an amended complaint as directed in this decision and order, service will be deferred until such time as the Court has screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

ORDERED that Barnett's claims against New York State are dismissed, without prejudice and without leave to amend, and the Clerk of Court shall terminate New York State as a Defendant in this action; and it is further

ORDERED that Barnett is granted leave to file an amended complaint, as directed above, by **August 3, 2026**; and it is further

ORDERED that, if Barnett does not submit an amended complaint as directed above, his excessive force claim will procced to service; all other claims will be dismissed, and Wolcott will be terminated as a Defendant in this action without further order; and it is further

ORDERED that the Clerk of Court shall send to Barnett this decision and order, a copy of the original complaint (Dkt. 1), a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that, if Barnett does not file an amended complaint by **August 3, 2026**, the Court, the Clerk of Court is directed to cause the United States Marshal to serve copies of the summons, complaint, and this decision and order upon the Doe Defendants (once identified), without Barnett's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Barnett's favor; and it is further

ORDERED that the Clerk of the Court is directed to forward a copy of this decision and order to Christopher L. Boyd, Assistant Attorney General in Charge, Buffalo Regional Office, at Christopher.Boyd@ag.ny.gov; and it is further

14

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), the Doe Defendants shall answer or otherwise respond to the excessive force allegations in the operative complaint; and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Barnett must notify the Court in writing if his address changes.  Failure to do so may result in dismissal of the action with prejudice.

Dated:      July 1, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

15